## No. 13,339.

### MORGAN v. GORE.
(44 P. [2d] 918)

Decided April 22, 1935.

Messrs. Bardwell & Bardwell, Mr. Erskine R. Myer, for plaintiff in error.

Mr. Shrader P. Howell, Mr. R. H. Walker, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

An action for damages, growing out of an automobile accident. The complaint of defendant in error Gore, plaintiff below, was in two counts, one for the death of his wife, the other for injuries to himself and damage to his car. The defendants were Lundin, Morgan, and Hertz Drivurself System, Inc. Lundin and Morgan were driving separate cars, Morgan, one rented from the Hertz System. Plaintiff was driving a third car. On a showing of compliance with section 103 (a), Uniform Motor Vehicle Act, Session Laws 1931, chapter 122, the Hertz System was dismissed as a defendant. A jury returned verdicts against Lundin and Morgan jointly for $2,500 on each count. After denial of defendants' separate motions for new trial, plaintiff was given judgment in the sum of $5,000. Motions filed subsequently to vacate and set aside the judgment were denied. Defendant Morgan prosecutes error.

The assignments are sufficiently comprehended in the following: (1) That the court should have summarily instructed in favor of plaintiff in error; (2) that the verdicts were in such form that it was error to receive them; (3) that the court erred in refusing to poll the jury; (4) that newly discovered evidence called to the court's attention warranted a new trial.

It appears that plaintiff, accompanied by his wife, was traveling easterly on the South Golden road (West Colfax avenue), and when near the intersecting Harlan

street leading to plaintiff's home in Edgewater, he made a left-hand turn; that as plaintiff was turning into Harlan street his car was struck on the "right hand end" by Lundin's car, traveling westerly, and turned from a northerly heading to the reverse, but not upset; that almost immediately thereafter plaintiff's car was struck on the side by the Morgan car, also traveling westerly, with such force that plaintiff's car was pushed along the pavement for some fifty feet and overturned; that as a result of the happenings, plaintiff's wife was so injured that within an hour or so she died, and plaintiff was severely injured and his car greatly damaged.

1. We think defendants were not entitled to directed verdicts. There was evidence not only that their cars were proceeding at high speed—55 or 60 miles per hour—but that one of them, previously behind, passed the other just before they crashed into plaintiff's car in the order and time mentioned. Whether defendants were exercising due care in the premises, as well as whether plaintiff was guilty of contributory negligence, was of jury cognizance. The issues were submitted in illuminating instructions.

2. The forms of verdict supplied for the jury's convenience were of usual draft. In manifesting their determination in favor of plaintiff the jury used the forms provided by the court, but to each verdict it added the following: "Edward Lundin 75% and Dudley Morgan 25%." The effect of the subjoined words, as plaintiff in error contends, was that the jury intended to find against him only in the sum of $1,250, hence there was not basis for the judgment given against him. On the other hand, defendant in error maintains that the language indicated the jury had attempted to apportion the damages between the two defendants, not permissible, as said, and to be deemed surplusage. In the circumstances we are disposed to the latter view. There was no objection to the court's instruction No. 11, seemingly sound, to the effect that if both defendants had been

negligent and damage resulted, each would be "liable for all loss, injury or damage resulting from his own negligence, if any, even though the negligence of the other defendant may also have contributed" thereto, "and such other defendant may also be liable therefor." As we interpret that instruction, the jury was at liberty to find against plaintiff, or against one defendant solely, or against both jointly, but not against both in different sums. It found against both defendants and fixed plaintiff's damages. That finding sufficed for every purpose, and the jury's attempted survey of the relative responsibility of defendants was beside the issue. The court could have directed the jury to eliminate the superfluous language (Code, C. L. '21, §216), but it was not limited to that procedure. It properly disregarded the nonpertinent matter. *Harris v. McLaughlin,* 39 Colo. 459, 90 Pac. 93. "A verdict finding the whole issue, or the substance of it, is not vitiated by finding *more,* for the finding of what was not in issue is but surplusage." Gould, Pleading (Hamilton Additions) 498. The Indiana Appellate Court disposed of a like situation in the following language: "The jury had no authority to apportion the damages, for it is fundamental that in an action for damages against two or more joint wrong-doers, the judgment must be for a single sum against all defendants found to be responsible. * * * It will be observed that the jury by its verdict found for plaintiff against both defendants, and assessed the damages at $800. If the jury had been content to stop there, no objection could be made to the verdict. Not being so content, the jury assumed to apportion the damages, and in so doing exceeded its jurisdiction, and found 'more' than was involved in the issue." *Lake Erie and Western R. R. Co. v. Halleck,* 78 Ind. App. 495, 136 N. E. 39. Continuing, the Indiana court added: "Under the rule above cited, which is supported by the weight of judicial authority, that part of the verdict by which the jury attempted to apportion the damages must be treated as surplusage, and does not

vitiate that which is necessary and well found." See, also, 27 R. C. L. 893, section 66; 64 C. J. 1085, section 888; *Hall v. McClure,* 112 Kan. 752, 212 Pac. 875.

■ 3. The rule in this jurisdiction seems to be that whether there will be a poll of the jury in a civil case, rests in the sound discretion of the trial judge. "It is a matter of practice, and in civil cases we see no reason for holding that either party may demand that the jury be polled as a matter of right." *Hindrey v. Williams,* 9 Colo. 371, 12 Pac. 436. There is nothing in the circumstances of the verdict here, as we perceive, to indicate that the jury failed to appreciate the full purport of its general finding against both defendants, or that there was "any good reason for allowing either party, by a poll, to test the unanimity of the jury." We cannot think the court abused its discretion.

■ 4. In the matter of claimed newly discovered evidence, we think the court rightly resolved the point. The showing was not persuasive in any particular. In part it had to do with the absent plaintiff in error Morgan, defendant below, and what counsel thought would be his testimony, if he were located and could be induced to attend the trial. The court properly commented that the young lady who had accompanied Morgan on the occasion of the tragedy had testified fully, and that Morgan's testimony, if it should conform to what counsel thought it would be, would be only cumulative. Besides, there was no reason to believe, from the showing made, that Morgan would not continue to be as indifferent of the result of the litigation as had been indicated by his course theretofore. Continuance of the trial had not been sought on account of his absence.

Then, there was showing as to a story revealed by a letter from one Berkowitz, of Cleveland, Ohio. His testimony, assuming that in some manner it could have been procured—and nothing verified by him was filed—would have been of kind with what had been given by other witnesses. Finally, there was showing to the effect that

since the trial one of plaintiff's witnesses had stated to counsel for Morgan that in part his testimony at the trial had been false, and that plaintiff had induced him to that end by payment of a small sum of money on two occasions and the promise of a larger sum later. The witness himself did not make affidavit. Plaintiff made verified categoric denial of the entire charge. The court was not impressed with the showing, and, as with the proposed stories of Morgan and Berkowitz, if the witness said to have testified falsely should at a subsequent trial testify quite contrary to his previous recital, it would simply conflict with other testimony, the result of the issue to rest in conjecture. The circumstances did not warrant the court in subjecting plaintiff to the expense and hazards of another trial. The case was fairly tried, as our study convinces, and the issues were resolved by the arm of the court thought to be best fitted for that service. Error of law does not appear.

Let the order be that the judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.