Jay-Em Service Stations, Inc., Appellant, v. Michael T. Watts, Laurence J. Murphy, Pyramid Petroleum Corp., a Domestic Corporation, and Safeway Petroleum Corporation, Respondents.— In an action brought to restrain defendants from operating a gasoline station on property adjoining that of which plaintiff is lessee, and from trespassing upon plaintiff's property or the sidewalk abutting thereon, judgment dismissing the complaint modified by eliminating the provisions for costs, and as so modified unanimously affirmed, without costs. Costs were improperly incorporated in the judgment under section 440 of the Civil Practice Act. (*Sagona* v. *Montalbano*, 228 App. Div. 857.) Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

Julius Kafka, Doing Business under the Firm Name and Style of Borough Paper Company, Appellant, v. The Chesapeake Paperboard Co., Respondent.— Plaintiff appeals from an order granting summary judgment in favor of the defendant pursuant to rule 113 of the Civil Practice Rules and the judgment entered thereon. Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.

William Kinsey, Respondent, v. William Spencer & Son Corp. and Frank Scotto, Appellants.— Action to recover damages for personal injuries. The important question in the case is raised by defendants' claim that defendant Scotto was the *ad hoc* employee of a third party. Judgment and order affirmed, with costs. There was ample evidence to warrant a finding by the jury that at the time of the accident defendant Scotto was in the corporate defendant's employ. Lazansky, P. J., Carswell and Davis, JJ., concur; Close, J., concurs as to the appellant Scotto, but dissents and votes to reverse and to dismiss the complaint as to appellant William Spencer & Son Corporation, with the following memorandum: The evidence clearly establishes that Scotto, in the performance of the work, was under the sole direction of the Huron Stevedoring Company, and that he was paid by that company. In determining liability of a master, the decisive test is not necessarily the payment of wages (*Muldoon* v. *City Fireproofing Co.*, 134 App. Div. 453; *Osborg* v. *Hoffman*, 252 id. 587; *Baldwin* v. *Abraham*, 57 id. 67.) A servant in the pay of one person may, for a period of time, be the servant of another in a particular transaction. (*Wyllie* v. *Palmer*, 137 N. Y. 248.) Where, as here, a contractor secures an appliance from another, pays the operator, and takes exclusive control of such appliance and the operator, the one who retains control and direction is the one responsible for the negligence of the operator. Adel, J., concurs with Close, J. [165 Misc. 143.]