## No. 17,969.

### V. F. SMITH, ET AL. *v.* ARTHUR BRASE, ET AL.

(309 P. [2d] 1006)

Decided April 15, 1957.

Messrs. WOOD & RIS, Mr. EUGENE S. HAMES, for plaintiffs in error.

Messrs. YEGGE, BATES, HALL & SHULENBURG, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs in the trial court and defendants in error were defendants. We will refer to the parties as they appeared in the trial court, or by name.

Plaintiffs brought the action against defendants to recover damages for personal injuries and loss of property allegedly sustained by them in an automobile collision which occurred at about 8:15 A.M., December 16, 1953, at the intersection of West Colfax avenue and Simms street in Jefferson county.

Defendants answered denying liability and the school filed a counterclaim for $135.00 to cover the loss sustained by damage to its school bus in the collision. The jury found the issues against plaintiffs on their complaint and returned a verdict in favor of the school on the counterclaim filed against Smith. The trial court dispensed with the necessity of filing a motion for new trial and entered judgment on the verdicts. Smith filed a motion for judgment notwithstanding the verdicts, which was denied. Plaintiffs, seeking reversal of the judgment, bring the cause to this court by writ of error.

Smith was the driver of a car, in which Strand was riding as a guest, traveling east on Colfax avenue. Brase, driving a school bus for the Bethlehem Lutheran School, had been traveling west on Colfax avenue. He approached the intersection at Simms street on the inside lane for west bound traffic in order to make a left turn to go south on Simms street. At this intersection a flashing yellow traffic light was operating at the time. Brase made the left turn and Smith's car, which was in the outside lane for east bound traffic, struck the right side of the bus resulting in the injuries and damages alleged. Smith testified that as he drove along he did not see any

ice on the street before he applied his brakes to slow down for the yellow light; that he was approximately seventy-five to one hundred feet from the intersection when he applied his brakes, after which he slid on the icy road into the side of the bus.

Brase testified that he came to a stop just east of the intersection prior to the time he made the left turn; that two cars traveling east passed and that the Smith car was far enough away that he thought he had ample time to make the left turn; that he didn't see any ice at the intersection; that the Smith car struck the right side of the bus and that his left turn indicator had been on for about one hundred feet prior to the time he reached the intersection.

The summary of argument presented on behalf of plaintiffs is as follows:

"A. The trial court erred in summarily dispensing with the right of plaintiffs to file a Motion for New Trial, as the verdict of the jury in favor of the defendants on the claim of V. F. Smith was manifestly against the weight of the evidence.

"B. The trial court erred in summarily dispensing with the right of plaintiffs to file a Motion for New Trial, as the verdict of the jury in favor of the defendants on the claim of Owen Strand was manifestly against the weight of the evidence.

"C. The trial court erred in denying the motion of V. F. Smith for judgment notwithstanding the verdict on the Counter-Claim of Bethlehem Lutheran School. The evidence established as a matter of law that Arthur Brase was negligent at the time and place of the collision.

"D. The Court erred in refusing to give to the jury plaintiffs' Tendered Instruction No. 1.

"E. The Court erred in refusing to give to the jury plaintiffs' Tendered Instruction No. 2."

On behalf of defendants the summary of argument is as follows:

"I. Where there is a conflict in evidence in a negligence action, the jury's verdict will not be disturbed on review.

"II. There was a conflict in evidence both as to the negligence of the plaintiff V. F. Smith, and the negligence of the defendant Arthur Brase, and therefore the verdict in favor of the defendants on the complaint of V. F. Smith, and the verdict in favor of defendant Bethlehem Lutheran School on its counterclaim against V. F. Smith should not be disturbed.

"III. There was a conflict in evidence as to the negligence of the defendant Arthur Brase, and therefore a verdict in favor of the defendants on the complaint of the plaintiff Owen Strand should not be disturbed.

"IV. The trial court properly refused to give to the jury plaintiffs' Tendered Instruction No. 1 regarding the failure to see what must have been plainly visible.

"V. The trial court properly refused to give to the jury plaintiffs' Tendered Instruction No. 2 regarding sudden emergencies."

Questions to be Determined.

First: *Was there sufficient competent evidence introduced upon the trial to support the verdicts returned by the jury and the judgments entered thereon?*

■ This question is answered in the affirmative. There were conflicts in the evidence offered on material facts directly connected with the accident which could reasonably lead to different conclusions as to whether the acts of the drivers involved amounted to negligence.

C.R.S. 1953, 13-4-14, provides as follows:

"Flashing signals. — Whenever flashing red or yellow signals are used they shall require obedience by vehicular traffic as follows:

\* \* \*

"(2) Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past

such signal only with caution, and in no event at a speed greater than fifteen miles per hour."

C.R.S. 1953, 13-4-53, reads as follows:

"Vehicle turning left at intersection. The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by section 13-4-51, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."

Under the circumstances disclosed by the record in this case, we are satisfied that the question, "whether defendants were exercising due care in the premises as well as whether plaintiff was guilty of contributory negligence, was of jury cognizance." *Morgan v. Gore,* 96 Colo. 508, 44 P. (2d) 918; *Schell v. Kullhem,* 127 Colo. 555, 259 P. (2d) 861.

Second: *Did the trial court err in refusing to give instructions tendered by plaintiffs?*

■■ This question is answered in the negative. Instruction No. 1 tendered by plaintiffs and refused, was as follows:

"You are instructed that as a matter of law if a party looks, but looks in such a manner as to fail to see what must have been plainly visible, he looked without a reasonable degree of care and such a look is of no more effect than if he had not looked at all."

There is no evidence in the record justifying consideration by the jury of this abstract statement of law. Smith testified that he saw defendant's school bus when it was still east of the intersection; that he saw the bus change over to the inside lane; that he saw the bus make the left turn and that he then applied his brakes. Brase testified that he saw the Smith car to the west of the

intersection before he started to make his left turn and that he figured he had plenty of time to get across the intersection at which the yellow light was flashing. The tendered instruction was not applicable to the facts and was properly refused.

Instruction No. 2 tendered by plaintiffs, and refused, reads as follows:

"You are further instructed that it is the duty of a motorist to observe for the protection of others that degree of care, precaution and vigilance which the circumstances justly demand, that in cases of sudden.emergency, the motorist is not required to use the same degree of judgment in controlling his actions as would be required if an emergency did not exist."

The refusal of the trial court to give such instruction was proper for two reasons: (1) The law .on the subject of sudden emergencies was adequately covered by Instruction No. 12 given to the jury; and (2) the tendered instruction was defective in that it did not limit the application of the doctrine of sudden emergency to situations arising from the negligence of another. The instruction as tendered could have led the jury to believe that either driver might be relieved of the required standard of due care because of a sudden emergency created by his own negligence. It was properly refused.

The judgment is affirmed.

MR. JUSTICE KNAUSS, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.