488 P.2d 1114 (1971)
HARTFORD FIRE INSURANCE CO., et al., Plaintiffs in Error,
v.
Harry A. KOLAR et al., Defendants in Error.
No. 71-133, (Supreme Court No. 24115.)
Colorado Court of Appeals, Division I.
August 10, 1971.
Rehearing Denied August 31, 1971.
*1115 Dawson, Nagel, Sherman & Howard, Raymond J. Turner, Scott W. Johnson, Denver, for Hartford Fire Ins. Co. and Clarence A. Smith.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., William Tucker, Asst. Atty. Gen., Denver, for Lesley Dawes.
Edward C. Hastings, Arden L. Pearl, Thomas M. McCaffrey, Denver, for defendants in error.
Selected for Official Publication.
ENOCH, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is a malicious prosecution case initiated by Kolar, Swaw and Wilkinson, arising out of their acquittal in County Court of a larceny and conspiracy to commit larceny charge. The malicious prosecution suit was brought against Hartford Fire Insurance Co.; Smith, Hartford's local manager of the Livestock Transit Dept.; Gallegos, Hartford's bookkeeper; and Dawes, a special agent for the State Brand Inspector's Office. This Writ of Error was brought by Hartford, Smith and Dawes. The defendants in error were the three plaintiffs below. The parties will be referred to herein by name or according to their trial court designations.
On January 13, 1967, a cattle truck containing 32 head of cattle overturned in the vicinity of Denver Union Stockyards. Kolar, who saw the accident take place, stopped his vehicle, and assisted in getting the driver out of the cab and the cattle out of the truck. Swaw and Wilkinson arrived on the scene shortly after Kolar and assisted Kolar in extricating the driver and cattle. Kolar did not know and was not known by Swaw and Wilkinson prior to the accident.
Kolar, Swaw and Wilkinson ultimately left the scene, taking with them two dead cattle, which were either seriously injured or killed as a result of the accident. Hartford was the insurance carrier on the livestock and the plaintiffs claimed they obtained permission by telephone from Gallegos of the Hartford office to remove the two carcasses. Whether or not they were removed with Hartford's permission was the critical issue in both the criminal prosecution and in this case. This issue was resolved in favor of Kolar, Swaw and Wilkinson in both instances.
The jury was properly instructed that if they found for the plaintiffs and that the plaintiffs were damaged, they could, after assessing actual damages, under stated conditions also assess exemplary damages.
*1116 Notwithstanding the instructions to the contrary, the jury returned the following verdicts:

 Actual Exemplary
 Damages Damages
 ------- ---------
 Wilkinson v. Hartford $4,500 - - -
 Swaw v. Hartford 6,000 - - -
 Kolar v. Hartford 9,000 - - -
 Wilkinson v. Dawes - - - $ 50
 Swaw v. Dawes - - - 50
 Kolar v. Dawes - - - 50
 Wilkinson v. Smith - - - 100
 Swaw v. Smith - - - 100
 Kolar v. Smith - - - 100

The court entered judgment on September 13, 1968, in favor of the plaintiffs and against the defendants for the lump sum of $19,950. The defendants filed motions for new trial and judgment notwithstanding the verdict. In its order of January 8, 1969, nunc pro tunc, December 17, 1968, the trial court stated in part:
"It seems clear that the verdicts against Dawes and Smith for exemplary damages alone cannot stand. There certainly was evidence of actual damage to each Plaintiff."
"However, the amount of actual damages found against Hartford far exceeds that shown by the evidence and can only be the result of bias, passion and prejudice."
"To establish exemplary damages as well as actual damages against Smith and Dawes would require a retrial of the entire case. If such trial is to be held, it would appear proper that the claim against Hartford also be retried in its entirety, rather than on the issue of damages only."
"It appears to the Court that justice would be served it (sic.) Plaintiffs will accept remittiturs of verdicts against Hartford to amounts which may be justified by the evidence, that is:
 Kolar reduce to $3,600.00
 Swaw reduce to $2,400.00
 Wilkinson reduce to $1,800.00
"The motions for judgment notwithstanding the verdict are overruled."
"Plaintiffs are allowed 20 days within which to file acceptances in writing of the remission of their verdicts against Hartford Fire Insurance Co. to the amounts above set forth with consents to the dismissal of their claims against Smith and Dawes."
"If such acceptances and consents are not filed, then all the verdicts are set aside and a new trial is granted to all Defendants on all issues."
The plaintiffs accepted the terms of the order of the court and judgment was accordingly entered on January 8, 1969, nunc pro tunc, January 7, 1969. The defendants filed a motion for new trial which was denied and thereafter this appeal was initiated. The record before us contains an unexplained third order and judgment entered on April 3, 1969, ordering the judgment of September 13, 1968 in favor of the plaintiffs against the defendants in the amount of $19,950 vacated and entering a series of judgments conforming to the individual verdicts rendered by the jury on September 13, 1968.
The defendants assign a number of errors, including the confusion concerning the three judgments entered in this case. The trial judge has filed a certificate with this court which states that he has no knowledge of the third judgment and that the final judgment in this case is the second judgment entered January 7, 1969. Apparently the order and judgment of April 3, 1969, is a result of clerical error and is hereby held for naught.

I
Defendant Dawes alleges the trial court erred in failing to grant his motion for summary judgment. Dawes relies on the doctrine of sovereign immunity and argues that he was performing his official duties as a state brand inspector in initiating the criminal action against the plaintiffs.
We do not agree. To our knowledge, there is no authority in this state, or that of any other, supporting immunity of a brand inspector. There is some foreign *1117 authority to support immunity of other administrative officials. See, Dawson v. Martin, 150 Cal.App.2d 379, 309 P.2d 915 (malicious prosecution by building inspector); White v. Towers, 37 Cal.2d 727, 235 P.2d 209 (malicious prosecution by game warden). However, we are not inclined to broaden the concept of sovereign immunity by adopting the view taken in these cases. There is authority in this state supporting the proposition that a prosecuting attorney is not liable in a civil action for malicious prosecution where he acts in his official capacity even though he does so with malice and without probable cause. McDonald v. Lakewood Country Club, 170 Colo. 355, 461 P.2d 437. This decision applies only to prosecuting attorneys and should not be read to include other administrative officials such as brand inspectors.
Dawes also claims the trial court erred in failing to grant his motion for Judgment NOV based on the jury's alleged failure to follow Instruction No. 8 which reads as follows:
"You are instructed that the defendants have asserted as a defense in this action that a full and fair disclosure was made to the district attorney."
"You are instructed that the defendants have the burden of proving by a preponderance of the evidence the allegations of this defense."
"If such defendants establish by the preponderance of the evidence that the defendants or any of them stated the facts pertaining to this matter fully and fairly to the district attorney, and if that officer incorrectly determined that such facts constituted a crime and proceeded to prosecute the plaintiffs, defendants are not liable since the fault is not theirs, but that of the district attorney."
Dawes' contention that there was no evidence either direct or indirect contradicting his testimony that he made a full and fair disclosure to the district attorney is not sufficient to set aside the verdict of the jury. In Swanson v. Martin, 120 Colo. 361, 209 P.2d 917, the Supreme Court stated:
"It is of course fundamental that it is the sole province of the jury to determine issues of fact where there exists a conflict with regard thereto. It is also true that a court is not bound to accept a statement as true because there is no direct testimony contradicting it."
In addition, Dawes claims the plaintiffs failed to fulfill their burden of proof in establishing that he lacked probable cause for instituting the action complained of by the plaintiffs. We find this assignment of error without merit. We have thoroughly reviewed the record in this case and conclude that the evidence presented by the plaintiffs clearly shows that they met their burden of proof.

II
Hartford and Smith allege that the trial court erred in giving the plaintiffs the option of accepting the remitted verdict or submitting to a new trial. They rely on Davis Iron Works Co. v. White, 31 Colo. 82, 71 P. 384; and Tunnel Mining and Leasing Co. v. Cooper, 50 Colo. 390, 115 P. 901, which stand for the proposition that the court cannot order a remittitur, but must order a new trial where excessive damages appear to have been given by the jury under the influence of passion and prejudice.
The plaintiffs agree that this is the well settled rule in Colorado, but contend that the damages awarded by the jury were not excessive and that the jury was not under the influence of passion and prejudice. We cannot say as a matter of law on the facts of this case that the trial court was in error in ruling that the damages were excessive and "can only be the result of bias, passion and prejudice." Had the trial court found only that the verdict of the jury was excessive, it would have been within its discretion to require plaintiffs to accept a remittitur or, in the alternative, submit to a new trial. Colorado *1118 & S. Ry. Co. v. Jenkins, 25 Colo.App. 348, 138 P. 437. However, since the trial court clearly found that the damages were excessive and the result of bias, passion and prejudice, it should have granted a new trial on all issues. See, Brabham v. State of Mississippi, for Use of Smith, 96 F.2d 210, cert. denied, 305 U.S. 636, 59 S.Ct. 103, 83 L.Ed. 409; Minneapolis, St. P. & S. S. M. Ry. Co. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243; Gibbs v. United Mine Workers of America, 6 Cir., 343 F. 2d 609, Tunnel Mining and Leasing Co. v. Cooper, supra; and Davis Iron Works Co. v. White, supra.
Judgment reversed and remanded for new trial on all issues as to all defendants.
COYTE and DUFFORD, JJ., concur.