501 P.2d 136 (1972)
Glenn Selah COLE, Jr., Plaintiff,
v.
William Frederick ANGERMAN, a minor, Gunija B. Angerman, individually, and as Mother and Next Friend and Guardian of William Frederick Angerman, Defendants-Appellants, and
Louis Bernard Fistell, Defendant-Appellee.
No. 71-344.
Colorado Court of Appeals, Div. II.
September 6, 1972.
*137 Yegge, Hall & Evans, Edward H. Widman, Denver, for defendants-appellants.
Schwartz & Snyder, Arthur M. Schwartz, Frank P. Slaninger, Denver, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
This is an action for damages resulting from a three-vehicle accident on May 9, 1969, at the intersection of Sheridan Boulevard and West 56th Avenue in Jefferson County. Plaintiff Glenn Selah Cole, Jr. alleged he was the driver of a pick-up truck which was hit head-on by an automobile driven by defendant William Frederick Angerman, a minor. Gunija B. Angerman was also named defendant as the mother of William and the owner of the vehicle. Plaintiff further alleged that defendant Lewis Bernard Fistell was the driver of a third vehicle which turned into the path of the Angerman automobile, causing it to skid onto the wrong side of the highway and strike plaintiff's truck.
Defendants Angermans filed a cross-claim against defendant Fistell seeking recovery for the amount of any judgment which plaintiff might recover against the Angermans and a judgment for property damage and personal injuries suffered by Angermans. At the conclusion of plaintiff's evidence, the complaint was dismissed as to defendant Fistell, and the trial proceeded on plaintiff's claim against Angermans and Angermans' cross-claim against Fistell. The jury returned a verdict for plaintiff against defendants Angermans in the amount of $2456, and a verdict for Angermans against Fistell in the amounts of $300 for property damage, $37.50 for personal injuries and medical expenses and $500 for indemnity. After considering Angermans' motion for a new trial, or in the alternative for amendment of the judgment on the cross-claim, the trial court increased the $500 verdict for indemnity to $1228, which was one-half of plaintiff's judgment against Angermans, plus certain costs and interest. Defendants Angermans appeal only from the judgment entered on the amended verdict for indemnity.
Appellants assert that the jury failed to follow the court's instruction on indemnity and that the trial court erred in amending the indemnity verdict to an amount equal *138 to only one-half of the plaintiff's judgment against Angermans. We agree.
Instruction No. 15, given to the jury by the court, stated, inter alia:
"In the event that you find the Angermans are entitled to be indemnified by Mr. Fistell, you shall enter judgment in favor of the Angermans and against Mr. Fistell in an amount equal to any judgment you have entered in favor of Mr. Cole and against the Angermans."
The law of indemnity as stated in this instruction is not questioned. The judgment of $2456, which was entered in favor of Cole against Angermans, was not appealed and, admittedly, is the amount due Angermans from Fistell if, in fact, Angermans are entitled to indemnification.
Fistell did not file a cross appeal but asserts that, since the jury did not award Angermans full indemnity, the verdict should be interpreted as a finding that there was no liability for indemnity, and the $500 verdict was only a "token sum," having no meaning. Fistell further asserts that the trial court, in amending the indemnity verdict from $500 to $1228, manifested its belief that the jury had not found the Angermans to be entitled to indemnification. We find no merit or logic in this argument. Where both the jury, and subsequently by amendment, the court awards an amount for indemnification, it is equivalent to a determination that there is a right of indemnification. Further, if the amount awarded by the jury is incorrect and if the correct amount has already been determined and is not disputed, the court may amend the verdict in order to award the determined amount.
Where the amount in question is undisputed or liquidated and the jury has failed to follow the instructions and returned a verdict for a lesser sum, the trial court has the power to increase the verdict to the higher figure. See Mystic Tailoring Co. v. Jacobstein, 94 Colo. 306, 30 P.2d 263; Harris v. McLaughlin, 39 Colo. 459, 90 P. 93; Annot., 56 A.L.R.2d 213.
The judgment as to the amount of indemnification is reversed and the cause is remanded with directions to the trial court to amend the judgment for Angermans against Fistell to include the full amount of the judgment entered in favor of the plaintiff against Angermans.
SILVERSTEIN, C. J., and COYTE, J., concur.