580 P.2d 1261 (1978)
Michael SANCHEZ and Tom Rios, Plaintiffs-Appellees,
v.
Dennis RICE, Stephen D. Carter, and the City and County of Denver, a Municipal Corporation, Defendants-Appellants.
No. 77-470.
Colorado Court of Appeals, Div. I.
March 23, 1978.
Rehearings Denied April 20, 1978.
Certiorari Denied July 10, 1978.
Sander N. Karp, Denver, for plaintiffs-appellees.
Marlin W. Burke, Lakewood, for defendants-appellants.
*1262 COYTE, Judge.
Defendants appeal a judgment entered against them for negligent discharge of firearms. We affirm as regards the liability of the City and County of Denver, reverse as regards the individual liability of the defendants, police officers Rice and Carter, and remand for a new trial on the issue of damages.
At about 11:30 p.m. August 8, 1971, four police cars responded to a report of a stabbing at the Platte Valley Action Center at 14th and Lowell in Denver. Because the stabbing victim had been moved, they did not find him; however, they attempted to assist a drug-overdose victim on the street outside the Center. In so doing they met resistance from a large crowd dispersing from a fiesta which had been held at the Center. An officer was struck in the face; he apprehended his assailant, but the crowd helped the prisoner escape. Another officer was injured by a bullet while in pursuit. Thereafter, officers ordered people off the street and began discharging shotguns into the air.
Believing they were being fired upon from behind a yellow van parked in front of the Action Center, police took cover behind their own cars and fired in the direction of the yellow van. The shooting continued over a two-hour period during which about 135 policemen were called to the scene.
During the early part of this period, as members of the crowd still in the area ran for cover, both plaintiffs, at different times, took cover behind the yellow van. Neither had weapons. Rios was shot in the calf while attempting to flee from the van into a nearby alley. Sanchez was shot in the leg while attempting a dash from the van to the front door of the Action Center. There is no evidence in the record to suggest that either of the victims had been involved in the riot or had returned police fire; on the contrary, there is ample evidence in the record to support the plaintiffs' position that they inadvertently took shelter behind the yellow van where police testified shots were coming from and at which police were firing; that they attempted to flee from behind the van to a place of safety; and that they were shot after they left the cover of the yellow van, some distance from the area on which police fire was concentrated.
There is also evidence in the record that police officers fired bullets toward the plaintiffs during the time when the plaintiffs were injured so that the jury could reasonably find that the plaintiffs' injuries were caused by police bullets. Further, there is evidence to support the jury's finding that the police discharged firearms in a negligent manner: That is, there was testimony that police discharged firearms in the street when a large crowd of people were present and that police repeatedly discharged firearms in the direction of the Center which contained at the time about 75 people, including elderly persons and children, none of whom were armed.
Since the jury's findings on these issues is supported by the evidence, these findings are binding on review. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453 (1970).
However, we agree with defendants' contention that there is insufficient evidence in the record to establish that the individual defendants Rice and Carter negligently discharged their weapons, thereby wounding plaintiffs. Although there was testimony that both Rice and Carter fired their weapons on the night and at the location of the incident, there was no evidence that either Rice or Carter fired at the plaintiffs or fired during the period in which the plaintiffs were hurt. Accordingly, the verdict finding Rice and Carter liable must be reversed.
Though the reversal of the judgments against Rice and Carter leaves no named Denver employees in the case, the City may still be held liable on a respondeat superior theory. The rule that non-liability of the employee exonerates the employer applies only where the employer's liability is based solely on the wrongful acts of the employee who is found not liable. Pure Oil Co. v. Cooper, 248 Ala. 58, 26 So.2d 249 (1946); Inter State Motor Freight System *1263 v. Henry, 111 Ind.App. 179, 38 N.E.2d 909 (1942). See generally 57 C.J.S. Master and Servant § 619. Where a jury finds that the plaintiffs' injuries were caused by the negligence of any one of a number of employees, a finding of non-liability of one employee is not inconsistent with a verdict against the employer. Wills v. J. J. Newberry Co., 43 Cal.App.2d 595, 111 P.2d 346 (1941). Here, the liability of the City and the County of Denver was not based solely on the negligence of Rice and Carter; on the contrary, the case at one time contained 135 "John Doe" police defendants; thus, we affirm the verdict finding the City liable to plaintiffs.
We agree with defendants' final contention that the illogical form of the verdict requires that the damages award be set aside.
The jury was supplied with four verdict forms: One named Sanchez as plaintiff and Rice and the City as defendants; one named Sanchez as plaintiff and Carter and the City as defendants; one named Rios as plaintiff and Rice and the City as defendants, and the last named Rios as plaintiff and Carter and the City as defendants.
During their deliberations, the jury sought the court's guidance relative to the verdict forms and were given the following instruction:
"You are instructed that the court has given you forms of verdict permitting recovery against each defendant by each plaintiff. You must determine which if either of the defendants is liable to which of the plaintiffs. After making that determination you must decide the amount of the damages which the plaintiff in whose favor you find is entitled. You may not make an apportionment of damages for each plaintiff against each defendant without a finding that an individual defendant is liable to an individual plaintiff."
The jury filled out all four of the forms, finding Rice and the City liable to Sanchez for $20,000, Carter and the City liable to Sanchez for $20,000, Rice and the City liable to Rios for $15,000 and Carter and the City liable to Rios for $15,000.
The verdicts as returned are illogical and contrary to the evidence in two waysfirst because the City is found liable twice for each plaintiff, and second because a finding that both policemen are liable to both plaintiffs necessarily implies that each plaintiff was shot twice, once by each policeman. Faced with an ambiguous instruction and confusing verdict forms, the jury recorded an absurd result which cannot be allowed to stand. Hence we remand to the trial court for a new trial on the issues of damages against the City.
Because we remand on the basis of the verdicts rendered, we need not reach the question of admissibility of certain evidence since that issue will not arise on retrial.
The judgments against the individual defendants are reversed, the judgment against the City is affirmed as to liability, and the cause is remanded for a new trial on the issue of the amount of damages to be awarded on the negligence claim only.
RULAND and STERNBERG, JJ., concur.