Ben H. WEEKS, III, Plaintiff-Appellant,

and

Wendy Weeks, Plaintiff,

v.

Gary CHURCHILL, and Gold Pan Investments, Inc., Defendants-Appellees.

No. 79CA0788.

Colorado Court of Appeals,
Div. I.

July 24, 1980.

The Law Office of Itkin and Associates, David M. Thorson, Breckenridge, for plaintiff-appellant.

Abbo & Lass, David R. Lass, Breckenridge, for defendants-appellees.

SMITH, Judge.

Plaintiff Ben H. Weeks appealed a judgment entered upon a verdict returned by the jury, and subsequently modified by the court, entitling him to recover jointly and severally against Gary Churchill (employee) and Gold Pan Investments, Inc. (employer). We affirm.

Employee was a bartender at a bar operated by employer. Employee, while on duty at the bar, assaulted plaintiff Ben Weeks. As a result, Weeks suffered serious injury to his teeth and upper jaw. Weeks brought this action against employee for assault and battery. He also sued employer on the theory of respondeat superior, alleging that employee's acts were within the scope of his authority, or that employer ratified employee's acts. Plaintiff Wendy Weeks sought damages for loss of consortium, but the jury found for defendants on her claim, and she has elected not to appeal. Defendant James Smith was dismissed from the case prior to trial. That dismissal has not been appealed.

The jury returned a verdict for Ben Weeks against employee in the amount of $21, and against employer in the amount of $1,500. Apparently because of the inconsistency of the verdicts, the trial court, with the consent of defendants, amended the verdict to $1,521 and entered judgment jointly and severally against both defendants in that amount.

Ben Weeks asserts that the trial court erred in amending the verdicts. We disagree.

Generally, a court may amend a verdict with respect to matters of form but not of substance. *Harrison Construction Co., Inc. v. Nissen*, 119 Colo. 42, 199 P.2d 886 (1948). A change of substance is a change which affects the underlying determination made by the jury. A change in form, however, is a change which corrects a technical error made by the jury, but does not affect the underlying determination made by the jury. Thus, where the inconsistency of a verdict demonstrates the fact that the jury did not understand the directions, was misled, or ignored certain instructions, any change in the verdict made by the court is a change of substance and not of form. *Harrison, supra*. However, where, although the

verdicts may be inconsistent, the inconsistency can be resolved, based upon the instructions given the jury, without violating this intent, such a change is a change in form which can be made by the court. *Morgan v. Gore*, 96 Colo. 508, 44 P.2d 918 (1935); *Cole v. Angerman*, 31 Colo.App. 279, 501 P.2d 136 (1972). *See also, Tyler v. Dist. Ct.*, Colo., 613 P.2d 899 (1980).

In *Morgan, supra*, defendants were jointly and severally liable if they were to be liable at all. The jury in its verdict specified the total amount of liability and then attempted to allocate liability in the amount of 75% to one defendant and 25% to the other. On appeal, the Supreme Court held that the attempted apportionment of liability was merely surplusage, and that joint and several liability in the full amount of the verdict should be entered.

 Similarly, in the case at bar, the jury was clearly instructed that it could either find the employee solely liable or that, having found the employee liable, it could also find the employer liable. It was further instructed that the employer's liability, if any, arose by virtue of employee's negligence, and could not arise independently. In the event that both the employee and the employer were found liable, the jury was instructed, the liability would be joint and several.

The jury did find both defendants liable and entered its verdict accordingly. Although the jury attempted to apportion the liability between the defendants, the court amended the verdict to eliminate the improper apportionment. *Morgan, supra.* Even though in this case the jury failed to specify the total amount of the judgment, we conclude that because the jury found the employer liable and determined the extent of this liability to be $1,500, and because such finding under the appropriate law and the instruction was dependent upon the employee being liable for at least this amount, the court could, as it did, enter a joint and several judgment in that amount. *See Kinsey v. Spencer & Son Corp.*, 165 Misc. 143, 300 N.Y.S. 391 (1937), *aff'd* 255 App.Div. 995, 8 N.Y.S.2d 529, 281 N.Y. 601,

22 N.E.2d 168 (1938). Here, the court entered judgment in the amount of $1,521, rather than the appropriate $1,500. However, defendants agreed to the additional $21, and they make no complaint here in that regard, and therefore, there was no error in adding $21 to the judgment.

 Plaintiffs assert that the judgment is inadequate. However, because the transcript was not certified to this court, the determination by the trial court that the judgment was adequate, is evidenced by its order correcting the judgment, and is binding upon review. *Hobbs v. Smith*, 177 Colo. 299, 493 P.2d 1352 (1972).

We have considered the other arguments raised by the plaintiffs, and have found them to be without merit.

The judgment is affirmed.

COYTE and KELLY, JJ., concur.