**Teddy G. WULFF and Tuesday Enterprises, Inc., a Colorado corporation, Plaintiffs-Appellants,**

v.

**E.M. CHRISTMAS, individually and d/b/a Colorado Industrial Properties, Inc., Colorado Industrial Properties, Inc., a Colorado corporation, Defendants-Appellees.**

**No. 81CA1257.**

Colorado Court of Appeals,
Div. II.

Nov. 26, 1982.

Rehearing Denied Dec. 9, 1982.

Certiorari Denied Feb. 22, 1983.

Jenkins & Breitenbach, P.C., Gene L. Breitenbach, Pueblo, for plaintiffs-appellants.

Petersen & Fonda, P.C., Lewis M. Quigg, Pueblo, for defendants-appellees.

STERNBERG, Judge.

Plaintiffs, Teddy G. Wulff and Tuesday Enterprises, Inc., sued defendants, E.M. Christmas and Colorado Industrial Proper-ties, Inc., for damages. The litigation resulted from a dispute over a lease on a restaurant and bar and a liquor license owned by defendants. The jury awarded nominal damages of $1.00 to plaintiff Wulff against both defendants, and in favor of plaintiff Tuesday Enterprises against the defendant corporation. However, the jury awarded damages in the amount of $36,000 to Tuesday Enterprises against Christmas. Judgment was entered on the verdict and neither counsel objected or moved for relief until after the jury had been discharged when Christmas moved for judgment notwithstanding the verdict and for a new trial. The trial court found the verdicts inconsistent and reduced the award in favor of Tuesday Enterprises against Christmas to $1.00. Plaintiffs appeal, and we reverse and remand for a new trial.

The jury had been instructed that it could find against the defendant E.M. Christmas individually if it found he had used the corporate defendant as his alter ego, and if so, "then you shall find defendant E.M. Christmas individually liable *for any of the damages caused by defendant Colorado Industrial Properties, Inc.*" (emphasis added) Similarly, in another instruction the jury was told that if defendant Christmas had caused the defendant corporation to be undercapitalized that it should find Christmas "individually liable for any of the damages caused by defendant Colorado Industrial Properties, Inc."

We agree with the conclusion of the trial court that the verdicts were inconsistent. They indicate that the jury found a breach of contract on the part of the corporation but that the plaintiffs' damages were nominal. Yet, in the face of instructions that Christmas could be liable on the alter ego or undercapitalization theory "for any of the damages caused by the defendant corporation," it awarded $36,000 against Christmas. Thus, on the one hand, the jury found only nominal damages against the defendant corporation, but, on the other, it awarded $36,000 against Christmas despite the instructions that he could be responsible

only for damages caused by the defendant corporation.

While we note the inconsistency of the verdicts, we cannot sanction the remedy employed by the trial court to correct it. There was no reason for the court to assume that nominal damages against Christmas was more consistent with the jury's intent than would be a $36,000 damage award against the corporation.

██ Generally, a court may amend a verdict with respect to matters of form but not substance. *Harrison Construction Co., Inc. v. Nissen,* 119 Colo. 42, 199 P.2d 886 (1948); *Weeks v. Churchill,* 44 Colo.App. 520, 615 P.2d 74 (1980). Where the inconsistency of a verdict demonstrates the fact that the jury did not understand its instructions, was misled, or ignored certain instructions, any change in the verdict made by the court is a change of substance and not of form. *Harrison, supra; Weeks, supra.* Only where the inconsistency may be resolved without changing the underlying determination made by the jury may the court resolve the conflict by amending the verdict. *Weeks, supra; Cole v. Angerman,* 31 Colo.App. 279, 501 P.2d 136 (1972).

Here, the court's resolution of the inconsistency changed the jury's determination that Tuesday Enterprises had been damaged in the amount of $36,000. Therefore, it was error for the trial court to amend the verdict.

Because the verdict had been received and recorded, and the jury discharged, the only remedy available is to remand for a new trial. The jury having decided the liability issues adverse to the defendants, it might be deemed appropriate to have the new trial cover only the issue of damages. *See Sanchez v. Rice,* 40 Colo.App. 481, 580 P.2d 1261 (1978). However, since here the issues of damages and liability are so intertwined, in our view, the best resolution of this situation now is to have a new trial on all issues. *Kistler v. Halsey,* 173 Colo. 540, 481 P.2d 722 (1971).

The judgment is reversed and the cause is remanded for a new trial.

SMITH and VAN CISE, JJ., concur.