Jane D. GRAY, Plaintiff-Appellant,

v.

John HOULTON, and LTV Recreation Development, Inc., a Delaware corporation, Defendants-Appellees.

No. 81CA0355.

Colorado Court of Appeals, Div. I.

March 31, 1983.

Rehearing Denied April 21, 1983.

Certiorari Denied Sept. 26, 1983.

Kritzer & Chalat, P.C., James H. Chalat, Gerash & Robinson, P.C., Walter L. Gerash, Denver, for plaintiff-appellant.

White & Steele, P.C., Stephen K. Gerdes, Denver, for defendants-appellees LTV Recreation Development, Inc.

John Houlton, pro se.

VAN CISE, Judge.

Plaintiff, Jane D. Gray, appeals a judgment entered on a jury verdict in favor of defendants, John Houlton and LTV Recreation Development, Inc. (LTV), in her personal injury action for damages arising out of a skiing accident at Steamboat Springs. We affirm.

According to plaintiff's evidence, she was injured when she and Houlton collided on a ski slope operated by LTV. At the conclusion of the evidence, the jury was given the special verdict forms for multiple defendants in comparative negligence cases set out in *Colo.J.I.* 9:40 (2d ed. 1980). In Form A signed by the jury, the first question was whether plaintiff had incurred damages and injuries. Subsequent questions dealt with whether any of the parties were negligent and whether that negligence, if any, was a cause of plaintiff's claimed injuries and damages.

The jury found that plaintiff had not incurred any injuries and damages. It then held that neither plaintiff nor defendant Houlton nor defendant LTV was negligent. Judgment was entered for defendants.

On appeal, plaintiff first contends that the court erred in denying plaintiff's motion for directed verdict against defendant Houlton. We do not agree. Viewing the conflicting testimony in a light most favorable to Houlton, we conclude there was evidence, through the testimony of Houlton and witness Schott, to support a finding that Houlton was not negligent. Therefore, the question of his negligence was properly for the jury. *Romero v. Denver & Rio Grande Western Ry. Co.,* 183 Colo. 32, 514 P.2d 626 (1973); *Pioneer Construction Co. v. Richardson,* 176 Colo. 254, 490 P.2d 71 (1971). Credibility, sufficiency, probative effect, and weight of that evidence, and the inferences and conclusions to be drawn therefrom, are all within the province of the jury. *Romero, supra.*

Plaintiff next contends that the jury's finding of no injuries and damages was contrary to the undisputed evidence that her leg was broken and that she incurred other injuries as a result of the collision on the ski slope. We agree. However, in view of the findings of no liability in either defendant, the issue of damages became irrelevant and moot, and any potential error was harmless.

Plaintiff also claims error in denying her motion for mistrial because of a question propounded to her medical witness concerning whether the hospital records referred to in his testimony included an opinion of another doctor. Plaintiff's objection was sustained. There was no error in denying a mistrial. Even if a doubt was created as to the testifying doctor's credibility, this testimony pertained only to the issue of damages. Since the jury found for the defendants on liability, any error as to damages was harmless.

Judgment affirmed.

ENOCH, C.J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

In the face of undisputed evidence that plaintiff incurred a fractured femur and

other injuries, and that she sustained damages, the jury found no injury or damage had been sustained. The majority opinion recognizes that that verdict was erroneous, but concludes the error was harmless. I do not agree. Instead, I view this erroneous verdict as proof that, contrary to their oaths of office, the jurors disregarded the court's instructions and the evidence.

The defendants argue that, because the jury found no liability, the issue of damages became irrelevant and moot, and rely for authority on *Peterman v. Indian Motorcycle Co.,* 216 F.2d 289 (1st Cir.1954). That case provides but little support for such a contention. There, the court properly and summarily disposed of an argument that a jury verdict adverse to a plaintiff on liability should be reversed because an instruction relating to "one detail concerning the measure of damages" was allegedly erroneous. That error could not have infected the entire verdict. Here, on the other hand, the damage verdict indicates the jury refused to recognize undisputed facts concerning injuries, which evidences either a total lack of understanding of its duties or bias, passion, or prejudice.

This is not a case of apparently inconsistent verdicts, in which circumstance an appellate court must search the record to find a basis for the verdicts and thereby harmonize them. *See City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981). There is no possible evidentiary justification for a verdict finding no injury or damages in the face of undisputed evidence to the contrary. It can only be ignored if the verdict on liability is to be upheld.

Nor does this verdict contain an error with respect to a matter of form which may be amended or corrected by the trial court. *See Harrison Construction Co., Inc. v. Nissen,* 119 Colo. 42, 199 P.2d 886 (1948); *Weeks v. Churchill,* 44 Colo.App. 520, 615 P.2d 74 (1980). To the contrary, this is a case in which the verdict finding no injury

or damages demonstrates the fact that the jury either did not understand the instructions, or ignored them; hence, it is a matter of substance, not form. *See Wulff v. Christmas,* 660 P.2d 18 (1982). *See also Harrison, supra; Weeks, supra; Cole v. Angerman,* 31 Colo.App. 279, 501 P.2d 136 (1972).

This situation is closer to that encountered in *Kistler v. Halsey,* 173 Colo. 540, 481 P.2d 722 (1971). There, a jury found in favor of the plaintiff on the liability issue, but awarded damages for only the amount of special damages. Because there was undisputed evidence of general damages, including permanent disability, the Supreme Court reversed, reasoning that:

"Such a verdict as herein found by the jury was not a true verdict rendered according to the law and the evidence as required by the jurors' oath of office. The jury failed in its function in this respect by refusing to recognize the undisputed facts concerning plaintiff's injuries . . . ."

In cases where a verdict is overturned because it is so excessive as to reflect bias, prejudice, or passion, a new trial on *all* issues is required to avoid injustice to defendants. *Rine v. Isham,* 152 Colo. 411, 382 P.2d 535 (1963); *Hartford Fire Insurance v. Kolar,* 30 Colo.App. 1, 488 P.2d 1114 (1971). *See also Rose v. Melody Lane,* 39 Cal.2d 481, 247 P.2d 335 (1952). Similarly here, where there is a failure to find damages in total disregard of uncontroverted evidence, bias, prejudice, or passion is evidenced. Thus, a new trial should be ordered to avoid injustice to the plaintiff.