DYSART ASSOCIATES ARCHITECTURE AND CONSTRUCTION, INC., a Colorado corporation, Plaintiff-Appellant and Cross-Appellee,

v.

Bill HOELTGEN and Kristine Hoeltgen, Defendants-Appellees and Cross-Appellants.

No. 84CA0986.

Colorado Court of Appeals, Div. III.

Oct. 23, 1986.

Westman and Nelson, Jan O. Westman, Denver, for plaintiff-appellant and cross-appellee.

Brownstein Hyatt Farber & Madden, Richard S. Bayer, Denver, for defendants-appellees and cross-appellants.

KELLY, Judge.

In this action to recover amounts due under a construction contract, the plaintiff, Dysart Associates Architecture and Construction, Inc., appeals from the trial court's order denying its motion to alter or amend and its order striking the award of attorney fees from the jury verdict. The defendants, Bill and Kristine Hoeltgen, cross-appeal the trial court's order granting costs to Dysart for two expert witnesses who did not testify at trial. We reverse in part and affirm in part.

The Hoeltgens contracted with Dysart to build them a luxury home. The contract provided that both parties would be entitled to sue for damages, including reasonable attorney fees, in the event either breached the contract. When construction ended, the Hoeltgens refused to pay the remaining contract price. Dysart sued the Hoeltgens for breach of contract, and the Hoeltgens counterclaimed alleging breach of contract, breach of warranty, and negligent design. Both parties sought attorney fees under the contract as part of the damages, and the limited record before us shows that Dysart's expert witness testified to the reasonableness of the fees.

The jury returned verdicts for both Dysart and the Hoeltgens; however, the verdict for Dysart read simply, "$4,300 plus attorney fees." The award to the Hoeltgens for negligent design read only

"$3,300." The court then discharged the jury and entered judgment for Dysart for $1,000 plus attorney fees and costs. The court later taxed costs against the defendants, including expert witness fees and expenses.

Both parties filed motions to amend the portion of the judgment awarding attorney fees and costs. Dysart's motion asked the trial court to modify the verdict by interpreting the jury's award to mean that Dysart was entitled to the entire $10,000 it claimed in attorney fees. The Hoeltgens asked the trial court to strike the award of attorney fees completely, claiming that it was impossible to determine what the jury intended by the phrase, "plus attorney fees." The Hoeltgens also asked the trial court to disallow the fees awarded by the trial court as costs for two of Dysart's expert witnesses who did not testify at trial. The court denied Dysart's motion, and granted the Hoeltgens' motion in part by striking the attorney fee award entirely. The court denied the Hoeltgens' request to disallow the expert witness fees.

Dysart contends that the trial court erred in deleting attorney fees from the jury verdict. Dysart argues that, since it was the prevailing party, the jury must also have found that the amount and reasonableness of Dysart's attorney fees was liquidated or uncontroverted. On these grounds, Dysart contends that, to give the jury's intent full effect, the trial court need only award the full $10,000 in attorney fees. We agree that the trial court erred in striking the award for attorney fees, but we disagree with Dysart's reasoning.

■ A trial court may amend a verdict in matters of form, but not of substance. *Harrison Construction Co., Inc. v. Nissen,* 119 Colo. 42, 199 P.2d 886 (1948). A change of substance is a change affecting the jury's underlying decision, but a change in form is one which merely corrects a technical error made by the jury. *Weeks v. Churchill,* 44 Colo.App. 520, 615 P.2d 74 (1980).

■ If the amount of the jury award is undisputed or liquidated and the jury erroneously enters the wrong amount or none at all, a modification is one of form only, and the trial court can amend the verdict to include the correct award. *See Mystic Tailoring Co. v. Jacobstein,* 94 Colo. 306, 30 P.2d 263 (1934); *Cole v. Angerman,* 31 Colo.App. 279, 501 P.2d 136 (1972). However, if amending a verdict to resolve an ambiguity would change the jury's underlying intent, the change is one of substance and cannot be done without a new trial. *Wulff v. Christmas,* 660 P.2d 18 (Colo.App. 1982).

■ It is uncontroverted that the issue of attorney fees was submitted to the jury as an item of damages, and, since the instructions were not made a part of the record, we presume that the jury was properly instructed that it could award attorney fees as part of the damages. *See Fenner & Shea Construction Co. v. Wadkins,* 32 Colo.App. 364, 511 P.2d 924 (1973). Further, nothing in the record indicates the jury's intent other than that Dysart was to recover *some* of its attorney fees. But, the jury's verdict is incomplete in that the amount of its award for attorney fees is not specified. The trial court found that the amount and reasonableness of attorney fees were disputed; therefore, any change in the jury verdict is substantive and cannot be determined as a matter of law. *See Harrison Construction Co., Inc. v. Nissen, supra.* Hence, the trial court lacked authority to alter or amend the judgment either by striking the award of attorney fees or by designating the amount thereof.

■ Since the trial court treated Dysart's motion for specification of costs as a motion to alter or amend, the motion may also be considered as a motion for new trial. C.R.C.P. 59(f) (as effective prior to amendment). Accordingly, the relief available to Dysart is a new trial on the issue of allowable damages for attorney fees.

We have considered the Hoeltgens' cross-appeal as to the expert witness fees, and we conclude that it is without merit. *See Leadville Water Co. v. Parkville Water*

*District,* 164 Colo. 362, 436 P.2d 659 (1967); *City of Lakewood v. DeRoos,* 631 P.2d 1140 (Colo.App.1981).

The judgment on the counterclaim is affirmed; the judgment on the plaintiff's complaint is affirmed except as to attorney fees; the award of attorney fees is set aside, and the cause is remanded to the trial court for a new trial on the issue of the amount of attorney fees that Dysart is entitled to recover.

TURSI and BABCOCK, JJ., concur.