Willis Rankin BARNES, as Administrator
of the Estate of Bernie Mae Barnes,
Deceased, Plaintiff-Appellee,

v.

WEST POINT FOUNDRY AND MA-
CHINE COMPANY, Inc., a corpora-
tion, et al., Defendant-Appellant.

No. 28536.

United States Court of Appeals,
Fifth Circuit.

April 12, 1971.

Rehearing Denied and Rehearing En
Banc Denied May 26, 1971.

James J. Duffy, Jr., John N. Leach,
Jr., Mobile, Ala., Inge, Twitty, Duffy
& Prince (John Leach, Jr.) Mobile, Ala.,
for defendant-appellant.

M. A. Marsal, Mobile, Ala., Irvin J.
Langford, Howell, Johnston, Langford
& Finkbohner, Mobile, Ala., for plain-
tiff-appellee.

Before BROWN, Chief Judge, BELL
and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Petition for rehearing was duly filed
by defendant-appellant, supported by its
brief, to which plaintiff-appellee filed
his brief in opposition. The petition for
rehearing is granted and the original
panel opinion dated January 4, 1971, is
withdrawn.

This action was brought by plaintiff-
appellee Barnes on behalf of his deceased
wife, alleging that defendant Alfred Ed-
monson as agent, servant and employee
of defendant-appellant West Point
Foundry and Machine Company, Inc.,
while acting within the line and scope
of his employment, did negligently op-
erate an automotive truck, and as a di-
rect and proximate result thereof fatally
injure plaintiff's wife. The suit was
based solely upon the theory of respon-
deat superior.

After a meticulous examination and
reexamination of the record, it is clear
to this court that when the final jury
verdict was rendered against defendant
West Point, the master, but not in any
way for or against West Point's driver
Edmonson, plaintiff's counsel feared the
possibility of an inconsistent verdict un-
der Alabama law. When the jury was
sent out for further deliberations as to
what to do about the co-defendant driv-
er, plaintiff moved to strike the latter
as a defendant. Upon plaintiff's asking
to take a non-suit against the driver, the
trial court replied:

"I am not going to let you take a
non-suit and then subject him to an-
other trial. If you want to dismiss
him with prejudice, all right."

Plaintiff's counsel then agreed to dismiss with prejudice, whereupon counsel for defendants objected because "if he in fact dismisses the driver, there would be no negligence on the part of the company." The trial judge overruled this objection.

 Apparently the court below did not realize that under Alabama law a finding solely against the master, but without a verdict against the servant, cannot stand except under the peculiar circumstances of Atlantic Coast Line Railroad Co. v. Kines, 276 Ala. 253, 257, 160 So.2d 869, 873 (1963). Said circumstances do not exist in the instant case. We do not feel compelled to delve into the implications of Rule 41, Fed.R. Civ.P., as was done by this court in Weissinger v. United States, 423 F.2d 795 (5th Cir., 1970) (en banc). Our decision turns rather on the trial court's error in allowing a verdict against West Point without a similar finding against the servant Edmonson. It is evident that the trial court did not realize the consequences of the dismissal, because it allowed the jury to proceed with a verdict against West Point alone.

The verdict form itself, with words scratched out and others added here and there, indicates the state of confusion in the proceedings below. Chief Judge John R. Brown once characterized a similar quandary as an "enigma wrapped in a mystery [and] enshrouded in fog. * * *" Emerson Electric Co. v. Farmer, 427 F.2d 1082, 1086 (5th Cir., 1970). Because a verdict finding solely against the master is "unauthorized" and "self-contradictory," the court below erred in failing to grant appellant's motion for new trial. Dixie Ohio Express Co. v. Poston, 170 F.2d 446, 448–452 (5th Cir., 1948). Whether the verdict is characterized as inconsistent, incomplete, self-contradictory, repugnant, or all of these, it should be set aside and a new trial ordered.

Reversed and remanded for new trial.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rhearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is Denied.