497 P.2d 1035 (1972)
Frank BURGESS, Plaintiff-Appellant,
v.
The FIRST NATIONAL BANK OF SALIDA, a National Banking Corporation, Defendant-Appellee.
No. 71-182.
Colorado Court of Appeals, Div. II.
May 31, 1972.
*1036 Fredrickson, Schalow & Johnson, Bruce Johnson, Canon City, for plaintiff-appellant.
Rush & Rush, Robert P. Rush, Salida, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff brought an action against defendant to recover funds which he claimed belonged to him and which were on deposit in a savings account with defendant. Plaintiff appeals from an adverse judgment. We affirm.
On November 30, 1967, one John Allee borrowed $5000 from defendant on a 60-day note, deposited it in a savings account with defendant and executed an assignment of the account to the bank to secure the payment of the note. At Allee's request, plaintiff's name was typed on the signature card and the passbook along with Allee's. The signature card indicated that both signatures were required for withdrawal. The account was created by Allee to be used as security for plaintiff in a separate transaction between plaintiff and Allee, but the defendant was not aware of this fact. Allee delivered the passbook bearing both names to plaintiff, who did not contact the bank nor sign the signature card.
On January 16, 1968, plaintiff's attorneys wrote to the defendant regarding the funds in the account and were advised that the bank had withdrawn the total amount on December 20, 1967, to satisfy the loan. In February 1968, plaintiff filed suit against Allee and in March obtained a default judgment which vested full interest or title to the savings account in plaintiff. On April 17, 1968, plaintiff presented the passbook and certified copy of the judgment against Allee to defendant, demanding the funds in the account. The bank, not being a party to the suit between plaintiff and Allee, refused to recognize any right in plaintiff to the funds that had been in the savings account.
This action to recover the funds was filed against the bank, at the conclusion of which the trial court dismissed plaintiff's complaint. Plaintiff contends that the bank had no right to withdraw the funds, and appeals.
Any interest that the plaintiff may have acquired in the funds in the account was subject to the assignment which Allee had given the bank simultaneously with the opening of the account. Plaintiff's name did not appear on the note or on the assignment, and, by virtue of the assignment, the claim of the bank was prior to plaintiff's claim to the account. Ehrsam & Sons Mfg. Co. v. Guaranty Bank & Trust Co., 158 Colo. 84, 404 P.2d 844.
Plaintiff maintains that the bank could not accelerate the due date of the note and the assignment. The acceleration is immaterial since plaintiff took no action, other than to inquire as to the status of the account, in the intervening period between the acceleration and the original due date.
In addition to the assignment executed by Allee, the bank had a statutory *1037 right to set off the funds against the debt owed it by Allee. C.R.S.1963, 14-3-6, provides, in pertinent part:
"When a bank deposit in any bank transacting business in this state has been made, or shall hereafter be made, in the names of two or more persons payable to them or to any of them, such deposits, or any part thereof, or any interest thereon, may be paid to any one of said persons whether the other or others be living or not, and the receipt or acquitance of the person so paid shall be valid and sufficient discharge to the paying bank from all said persons . . .; such deposit shall be deemed, so far as the rights and liabilities of the bank are concerned, to be owned by said persons in joint tenancy with the right of survivorship, provided, the bank shall have the right of set-off against such deposit to the extent thereof to collect a debt owed to the bank by any joint depositor. . . ." (Emphasis added.)
Even if the plaintiff and Allee had been depositors with equal ownership and rights to the funds deposited, this statute entitled the bank to apply the funds in the account as a set-off against the debt owed by Allee.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.