656 P.2d 1327 (1982)
Ronald Lee SMITH, Plaintiff-Appellant,
v.
Bill HOFFMAN, Defendant-Appellee.
No. 82CA0242.
Colorado Court of Appeals, Div. III.
December 2, 1982.
*1328 Ronald Lee Smith, pro se.
Hall & Evans, William F. Eggert, Denver, for defendant-appellee.
KIRSHBAUM, Judge.
Plaintiff, Ronald Lee Smith, appeals the trial court's summary judgment in favor of defendant, Bill Hoffman. We reverse.
The following facts are not disputed. While an inmate at the Canon Correctional Facility in March 1978, plaintiff experienced pains in his mouth and jaw. He was referred to defendant dentist, who was then employed at the facility, for examination and treatment. Defendant examined plaintiff, but did not order a complete set of X-rays of plaintiff's teeth or mouth. Defendant recommended the substitution of dentures for plaintiff's teeth. Subsequently, defendant extracted plaintiff's teeth and took impressions of his mouth for dentures. The dentures were initially fitted in August 1978. Thereafter, defendant made several adjustments to the dentures. In February 1980, plaintiff filed this action, pro se, alleging negligent extraction of teeth and negligent preparation and insertion of dentures.
On July 9, 1981, both parties filed pretrial statements. Defendant's statement contained the following descriptions of contested issues. "Whether defendant was negligent in failing to take a complete set of [X-rays] prior to extraction of the plaintiff's teeth." It also stated that expert testimony "is required as part of plaintiff's prima facie case" because "laymen are not equally as able to pass upon the merits of plaintiff's claims of improper treatment...."
Plaintiff's pretrial statement asserted that defendant was liable because of negligence or malpractice, "including diagnosis in performing an unnecessary operation the Doctrine of Res Ipsa Loquitur is invoked,..." It also stated that defendant's conduct was "a serious deviation from that which is utilized, respected, and recognized in the standard dental community."
At the conclusion of the pretrial conference held July 9, 1981, the trial court ordered defendant to comply with certain discovery requests, including the filing of responses to interrogatories. In so doing, the trial court reserved ruling on defendant's objections to certain interrogatories until such time as plaintiff provided information from an expert witness that the challenged interrogatories sought information actually relevant to plaintiff's claims. The trial court also ordered plaintiff to undergo an examination by a dentist of plaintiff's choosing.
On November 9, 1981, plaintiff was examined by Dr. James E. Kern, a dentist practicing in Canon City, Colorado. On December 3, 1981, plaintiff filed a "brief ... in support of plaintiff's exhibits," together with three documents relating to Dr. Kern's November 9 examination. In this "brief" plaintiff argues in effect that Dr. Kern's testimony will establish that the taking of X-rays is a standard practice in diagnosis of bone deterioration and that Dr. Kern's testimony will "substantiate the test of negligence against [d]efendant...." The brief also refers to the inference of negligence permitted in res ipsa loquitur cases, and concludes with the statement that "[p]laintiff has what is legally necessary to litigate his claim against [d]efendant...."
Defendant's summary judgment motion sought dismissal of the action because *1329 plaintiff had not obtained any report from an expert witness containing the conclusion that defendant "negligently failed to adhere to the prevailing standards of dental practice in the Canon City area ...," and that expert testimony must be presented on plaintiff's behalf "where dental malpractice is at issue." Defendant also asserts that because Dr. Kern's report makes no reference to any negligence by defendant, plaintiff "failed to support any claim indicated in his [c]omplaint with competent expert testimony which would then shift [the] burden of producing rebuttal expert testimony upon the defendant's shoulders."
In granting the motion, the trial court concluded that there were no genuine issues of material fact and that the case was not governed by the doctrine of res ipsa loquitur. The trial court also concluded that expert testimony was required to substantiate plaintiff's negligence claims, and that plaintiff's failure to obtain an expert opinion to support his claims constituted an additional ground for dismissal.
Summary judgment may not be entered if genuine issues of material fact remain for resolution. C.R.C.P. 56(c); Jones v. Dressel, 623 P.2d 370 (Colo.1981). Plaintiff's pleadings, including his pretrial statement, indicate that at least two theories of negligent conduct are alleged: (1) negligent diagnosis and (2) negligent treatment. With respect to the issue of diagnosis, plaintiff asserts that, contrary to defendant's conclusions, plaintiff had no disease or decay of bones or tissues. With respect to the issue of treatment, plaintiff asserts that the removal of his teeth and the insertion of dentures was performed negligently. Common to both claims is the apparent assertion that defendant's failure to take any X-rays constituted negligence.
Defendant's affidavit in support of his summary judgment motion sets forth the reasons why he elected to perform the dental surgery. The affidavit does not contradict any of the claims of negligence alleged in the complaint. Thus, absent some requirement for pretrial presentation of supportive expert testimony, the material factual disputes articulated in the pleadings remain for resolution.
The trial court concluded that the doctrine of res ipsa loquitur was inapplicable to this case and that the issues raised were of such professional complexity that expert testimony would be required at trial to establish the requisite standards of care. Neither of these rulings has been appealed, and they remain the law of this case. The question remains as to whether plaintiff's failure to endorse an expert witness other than Dr. Kern prior to trial justified dismissal of the action.
Because any qualified expert witness can present evidence with respect to the applicable standard of professional care, defendant himself could be called by plaintiff as an adverse witness to present such testimony in this case. Bolles v. Kinton, 83 Colo. 147, 263 P. 26 (1928); see also Hamilton v. Hardy, 37 Colo.App. 375, 549 P.2d 1099 (1976). Furthermore, the questions plaintiff submitted to Dr. Kern did not call for an opinion on either defendant's conduct or the standards by which that conduct should be measured. At trial, appropriate questions by plaintiff might well elicit supportive testimony from Dr. Kern. Dr. Kern's failure to comment on matters not asked of him cannot be equated to a failure of evidence in the context of a motion for directed verdict at the conclusion of a plaintiff's case-in-chief.
We conclude that in the circumstances here presented, plaintiff's failure, prior to trial, to produce a statement from an expert witness asserting that defendant's conduct was negligent is not sufficient to permit the dismissal of his complaint. Disputed material facts disclosed by the pleadings remain unresolved and must, therefore, await resolution by the appropriate finder of fact.
The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
ENOCH, C.J., and SMITH, J., concur.