Charles BAIR, Plaintiff-Appellant,

v.

**PUBLIC SERVICE EMPLOYEES
CREDIT UNION,
Defendant-Appellee.**

**No. 84CA1030.**

Colorado Court of Appeals,
Div. I.

Oct. 17, 1985.

Gene A. Ciancio, P.C., Gene A. Ciancio, Thomas G. Tasker, Thornton, for plaintiff-appellant.

Cockrell, Quinn & Creighton, Peter Wiebe, Jr., Shafroth & Toll, P.C., Frank H. Shafroth, Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Charles Bair, appeals a granting of summary judgment entered in favor of defendant, Public Service Employees Credit Union, on plaintiff's complaint seeking damages for defendant's failure to disclose the terms of a credit disability insurance policy purchased by plaintiff. We reverse.

In his complaint, plaintiff alleged, in pertinent part: (1) that defendant agreed to loan him funds in excess of $25,000 for the purchase of an automobile; (2) that, in connection with the loan agreement, plaintiff purchased a credit disability insurance policy from defendant; (3) that defendant had a duty to disclose prior to plaintiff's payment of the premium, the amounts the policy would pay in the event plaintiff became disabled, but that such disclosure was not made; and (4) that plaintiff would not have purchased the policy had defendant disclosed to him the maximum monthly benefit under the policy.

In support of its motion for summary judgment, defendant submitted an affidavit of the loan officer who processed plaintiff's loan application. The affidavit declared:

(1) that pursuant to his loan request, plaintiff executed a "loan disclosure statement, note, and security agreement" (note); (2) that at the time of execution, plaintiff's affirmative response to the affiant's request as to whether plaintiff desired credit disability insurance was indicated on the note; (3) that a certificate of insurance which set forth the amount to be paid in the event plaintiff became totally disabled was given to plaintiff at that time; and (4) that affiant explained to plaintiff the maximum monthly payment under the policy at that time. A copy of the note, as well as a copy of the certificate of insurance which set forth the maximum monthly benefit, was attached to the affidavit.

In opposition to defendant's motion for summary judgment, plaintiff filed an affidavit in which he declared that he was not given a certificate of insurance or an oral explanation of the payment terms of the policy at any time prior to purchase thereof. On the basis of the affidavits and the pleadings, the trial court concluded that no genuine issue as to any material fact existed and that defendant was entitled to judgment as a matter of law. It then granted defendant's motion for summary judgment.

Plaintiff contends that his affidavit raised a material question of fact as to whether defendant breached its duty to disclose the coverage of the insurance policy. He claims that his affidavit established a genuine issue as to what disclosures, if any, were made. We agree.

■ As to the existence of a legal duty to plaintiff, we agree that defendant had a duty to make certain disclosures regarding the insurance policy. We are guided by, and hereby adopt, the provisions of the Restatement (Second) of Torts, § 551(2) (1977), which provides as follows:

"One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated

. . . .

(e) facts basic to the transaction, if he knows that the other is about to enter

into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect the disclosure of those facts."

■ Accordingly, we hold that, if a sale of insurance is included as part of a loan agreement, the lender has a duty to disclose to the borrower, before the transaction is consummated, a brief written description of such insurance, including the type and amount of the coverages and, if a separate charge is made for the insurance, the amount of that charge. This duty may be fulfilled by making the disclosures clearly and conspicuously in any of the loan documents. *See also* §§ 5–3–104(1)(d), 5–3–302, and 5–3–306, C.R.S. (Uniform Consumer Credit Code provisions applicable to loans under $25,000).

■ Here, the affidavit and attachments submitted on behalf of defendant established that although adequate disclosure of policy benefits was contained in the certificate of insurance, a question of fact remained as to whether the disclosure was made orally or in writing before the transaction was consummated.

Thus, the question of defendant's breach of duty remains for resolution, and the trial court improperly granted summary judgment in favor of defendant. *Smith v. Hoffman*, 656 P.2d 1327 (Colo.App.1982).

The summary judgment is reversed and the cause is remanded for further proceedings.

KELLY and BABCOCK, JJ., concur.