Thelma J. HUGH, Plaintiff–Appellee
and Cross–Appellant,

v.

WASHINGTON INDUSTRIAL BANK,
Defendant–Appellant and
Cross–Appellee,

and

Ronald F. Weiszmann,
Defendant–Cross–Appellee.

No. 85CA1521.

Colorado Court of Appeals,
Div. III.

June 30, 1988.

L. Thomas Woodford, P.C., L. Thomas Woodford, Denver, for plaintiff-appellee and cross-appellant.

Kelly, Stansfield & O'Donnell, Timothy J. Flanagan, Charles Carpenter, Denver, for defendant-appellant and cross-appellee, and defendant-cross-appellee.

STERNBERG, Judge.

Defendants appeal a judgment entered on a jury verdict in favor of plaintiff, Thelma J. Hugh, on her claims relating to the misapplication of a bank deposit. Plaintiff cross-appeals the trial court's order setting aside the jury award of punitive damages against defendant Ronald F. Weiszmann. We affirm in part, reverse in part, and remand for a new trial on damages.

The plaintiff borrowed $20,000 from defendant Washington Industrial Bank (Bank) and secured the debt with a second deed of trust on her home. She used the money to purchase a partial interest in a restaurant owned by one Bill Jones and his company, Empathy Enterprises, Inc. Jones assured plaintiff that profits from her investment would be sufficient to cover plaintiff's payments on the bank loan. When the restaurant failed to generate the expected profits, Jones told plaintiff he would take over her payments. Jones was also making payments to the bank under a bankruptcy reorganization plan for loans taken out by Empathy Enterprises.

For several months Jones failed to make any payments to the bank. When the bank threatened to foreclose on plaintiff's home, Jones sent the bank a check for an amount sufficient to bring plaintiff's account current. The check was made out to the bank; however, a notation on the front of the check indicated the deposit was for plaintiff's benefit. The bank initially credited the deposit to plaintiff's account, and informed plaintiff that her account was current.

After reviewing the situation, the bank's president and attorney, defendant Weiszmann, directed that the deposit be removed from plaintiff's account and applied to Jones' account. The bank then notified plaintiff that her loan was in default, and defendant Weiszmann initiated a C.R.C.P. 120 proceeding to foreclose on plaintiff's house. Prior to the hearing, Jones tendered a second payment to the bank which brought plaintiff's account current. At the C.R.C.P. 120 proceeding, the court concluded plaintiff had not been in default and, therefore, denied the bank's motion for a sale.

Plaintiff thereafter filed this suit against defendants, alleging abuse of process, malicious prosecution, and outrageous conduct. The trial court issued a pre-trial ruling that the bank had no legal authority to transfer the Jones deposit from plaintiff's account. The case proceeded to trial, and the jury returned a general verdict against the bank for $20,000 actual damages and $30,000 punitive damages, and against Weiszmann for no actual damages and $50,000 punitive damages.

Defendants filed a post-trial motion to set aside the punitive damages award against Weiszmann. In response, plaintiff requested that in the event the award against Weiszmann was vacated, the court order a new trial on the issue of damages.

Concluding that an award of punitive damages could not stand absent an award of actual damages, the trial court set aside the damage award against Weiszmann, and denied without comment plaintiff's motion for a new trial. Plaintiff thereafter submitted an untimely motion to alter or amend the jury verdict, which the court refused to consider. This appeal followed.

The bank contends the trial court erred in ruling that the bank had no right under state law to remove and reapply the payment on plaintiff's loan. We disagree.

 Generally, a bank to which a depositor owed a debt may setoff or apply his general deposit to discharge the obligation. *Cox v. Metropolitan State Bank*, 138 Colo. 576, 336 P.2d 742 (1959). However, a bank cannot exercise this right of setoff when it knowingly accepts a deposit designated for a special purpose. *Sherberg v. First National Bank*, 122 Colo. 407, 222 P.2d 782 (1950); *see generally* 4 *Collier on Bank-*

*ruptcy* ¶ 553.15 (15th ed. 1986). By initially crediting the Jones check to plaintiff's account, the bank acknowledged the special purpose of the deposit; it could not thereafter apply the funds to another debt. *See In Re Rhine*, 213 F.Supp. 527 (D.Colo. 1963); 60 Am.Jur.2d *Payment* § 102 (1987).

 The bank further contends that under a provision of the Bankruptcy Code, 11 U.S.C. § 1141, the Jones check was an involuntary payment, and that, therefore, pursuant to 11 U.S.C. § 1142, the bank was obligated to apply the deposit as it did to assist the bankruptcy court in effectuating the reorganization plan. This contention is without merit. Nothing in § 1141 supports the premise of the bank's contention that the Jones check was an "involuntary payment." Likewise, § 1142 does not authorize creditors to engage in self-help to ensure consummation of the plan.

On cross-appeal, plaintiff argues that the jury verdicts were inconsistent and that, therefore, the trial court erred in entering judgment based on those verdicts. We agree.

 The jury was instructed that any liability on the part of the bank could only arise from the tortious conduct of its agent, Weiszmann. The jury was also instructed that it could consider an award of exemplary damages only if it first found that plaintiff was entitled to actual damages. Under these instructions, a determination that Weiszmann caused plaintiff no actual damage would necessarily preclude either an award of actual damages against the bank or an award of exemplary damages against Weiszmann. Hence, the jury verdict awarding no actual damages against Weiszmann is inconsistent with the remainder of the verdict awarding actual damages against the bank and exemplary damages against Weiszmann. *See Barnes v. West Point Foundry & Machine Co.*, 441 F.2d 532 (5th Cir.1971); *Dixie Ohio Express Co. v. Poston*, 170 F.2d 446 (5th Cir.1948).

This inconsistency in the verdicts likely resulted from Instruction No. 33, which states in pertinent part:

"The Plaintiff, Thelma J. Hugh, has sued for the same injuries, damages and losses on three different claims for relief.... If you find for the plaintiff on more than one claim for relief, you may award her damages only once for the same injuries, damages and losses."

 Where inconsistent verdicts indicate the jury was misled by its instructions, the trial court may not resolve the inconsistency by amending the verdict. *Harrison Construction Co. v. Nissen*, 119 Colo. 42, 199 P.2d 886 (1948); *Weeks v. Churchill*, 44 Colo.App. 520, 615 P.2d 74 (1980). As the verdict was received and recorded, and the jury discharged, under the situation present here, the appropriate remedy is a new trial on the issue of damages. *See Wulff v. Christmas*, 660 P.2d 18 (Colo.App. 1982); *see also Sanchez v. Rice*, 40 Colo. App. 481, 580 P.2d 1261 (1978).

The judgment is affirmed as to the ruling that the bank lacked authority to transfer the funds from plaintiff's account; it is reversed as to the damages awarded; and the cause is remanded for a new trial on damages.

VAN CISE and JONES, JJ., concur.