Samuel TAULLIE, Plaintiff–Appellant,

v.

**DECIBEL CREDIT UNION,**
**Defendant–Appellee.**

**No. 87CA0368.**

Colorado Court of Appeals,
Div. III.

Nov. 25, 1988.

Law Offices of J.E. Losavio, Jr., D. Wayne Patton, Pueblo, for plaintiff-appellant.

Shaw, Simons & Quigg, Lawrence J. Simons, Pueblo, for defendant-appellee.

CRISWELL, Judge.

Samuel Taullie, plaintiff, who was one of three joint owners of an account with the defendant, Decibel Credit Union, appeals the district court's judgment that allowed the credit union to set off against that

account the debt owed to it by one of the other joint owners. We affirm.

Plaintiff, his father, and a third person owned a joint share account at the credit union. The father also had a loan from the credit union. When the father filed for bankruptcy, the credit union set off the amount of the father's debt against the joint account, thereby reducing the balance in the account to zero.

Plaintiff contends that the trial court erred, as a matter of law, in allowing the setoff because the father had made no contributions to the account. We disagree.

Section 11–30–103(4), C.R.S. (1987 Repl. Vol. 4B) authorizes a credit union to carry membership accounts in the name of two or more persons in joint tenancy. That statute also provides that, if such a joint account is established:

"such shares and deposits, or any part thereof or any interest or dividend thereon, may be paid to any of [the persons whose names are on the account] whether the others are living or not, and the receipt or acquittance of the person so paid shall be a valid and sufficient discharge to the credit union from all of said persons ... and such shares and deposits shall be deemed to be owned by said persons in joint tenancy with the right of survivorship."

In addition, a "financial institution," which is defined in § 15–15–101(3), C.R.S. (1987 Repl.Vol. 6B) to include a credit union, has the right to setoff against a "multiple-party account," to the extent of the balance in the account, any sums owing to the institution by a person who has a present "right of withdrawal" from the account. This right, however, is "subject to any contractual provision." Section 15–15–113, C.R.S. (1987 Repl.Vol. 6B).

In the written agreement establishing the account, plaintiff, his father, and the third party all agreed that they were to be the joint owners of the account and that all of the funds on deposit in the account were subject to withdrawal by any one of them. In addition, when plaintiff's father obtained a loan from the credit union, he agreed to pledge as security all shares or deposits in all credit union accounts so that, upon his default, the credit union had the right to apply all such shares and deposits towards his debts.

Thus, at the time the credit union exercised its right of set off, plaintiff's father had, both by statute and by contract, a right of withdrawal from that account. See Chickerneo v. Society National Bank, 58 Ohio St.2d 315, 390 N.E.2d 1183 (1979). Therefore, under § 15–15–113, C.R.S. (1987 Repl.Vol. 6B), the credit union had the right to set off the father's debt against the amount otherwise owing to the persons whose names appeared on the account. Burgess v. First National Bank, 31 Colo. App. 67, 497 P.2d 1035 (1972). And, application of the proceeds of the account to the father's benefit constituted a payment to him, so that the credit union was discharged from liability on such account from all the owners of the account. Section 11–30–103(4), C.R.S. (1987 Repl.Vol. 4B).

Contrary to plaintiff's argument, § 15–15–103, C.R.S. (1987 Repl.Vol. 6B), which establishes ownership in a joint account in proportion to the net contributions made by the depositors, is irrelevant to this controversy. That statute establishes the right of the parties to such an account, as between themselves, or as between any one of them and another creditor. It is expressly inapplicable to a financial institution's right of set off under § 15–15–113. Section 15–15–102, C.R.S. (1987 Repl.Vol. 6B).

JUDGMENT AFFIRMED.

TURSI and JONES, JJ., concur.