Grace MANCUSO, Plaintiff–Appellant,

v.

UNITED BANK OF PUEBLO, a state banking corporation, Defendant–Appellee.

No. 88CA1205.

Colorado Court of Appeals, Div. V.

Jan. 11, 1990.

Rehearing Denied Feb. 15, 1990.

Certiorari Granted Aug. 13, 1990.

James M. Croshal, Pueblo, for plaintiff-appellant.

Holme Roberts & Owen, James T. Flynn, Brent E. Rychener, Colorado Springs, for defendant-appellee.

· Opinion by Judge RULAND.

In this action concerning a bank's right of setoff against funds held in a joint account, plaintiff, Grace Mancuso, appeals the summary judgment entered against her on her claims against defendant, United Bank of Pueblo. We affirm.

After her husband died, plaintiff moved to Pueblo with the remaining assets from her marriage. There, in 1977, she and her son opened a joint tenancy checking account with the bank. Plaintiff was the sole source of funds deposited to the account. According to plaintiff's affidavit, the joint account was selected, at the suggestion of a bank employee, because she wished to have an account from which her son could withdraw funds if she were traveling or if an emergency occurred.

In 1981 and 1982, plaintiff and her son opened three more accounts consisting of a joint certificate of deposit account, a joint savings account, and a second joint certificate of deposit account. In 1982 and 1983, her son personally guaranteed certain loans from the bank. In April of 1985, these loans were in default, and the bank exercised its right of setoff against the funds held by plaintiff and her son in the accounts established in 1981 and 1982.

At no time did the bank inform plaintiff of its statutory right of setoff for any loan owed to the bank by either her or her son.

## I.

■ Plaintiff contends that the trial court erred in dismissing her negligence claim against the bank. She asserts that the bank had a duty to inform her of its right of setoff. We disagree.

Absent special circumstances not present here, the relationship between a bank and its depositor is that of debtor and creditor. *Cox v. Metropolitan State Bank*, 138 Colo. 576, 336 P.2d 742 (1959); *see Palmer v. Idaho Bank & Trust*, 100 Idaho 642, 603 P.2d 597 (1979).

Neither plaintiff nor her son had loans outstanding at the time the conversation with the bank employee occurred in 1977. Her concerns at the time of the conversation were to provide an account mechanism for her son to write checks on her account if the described contingencies occurred. In addition, in the written agreement establishing the account, plaintiff and her son agreed that they were to be the joint owners of the account and that all of the funds on deposit in the account were subject to withdrawal by either of them.

Under these circumstances, we conclude that no duty of disclosure may be imposed upon the bank under current Colorado law at the time any of the joint accounts were established. Hence, there could be no recovery for negligence in failing to comply with that duty.

## II.

■ Plaintiff next contends that the trial court erred in granting summary judgment on her claim for conversion. Again, we disagree.

To establish conversion, the actor must acquire unauthorized control of the owner's property. *Glenn Arms Associates v. Century Mortgage & Investment Corp.*, 680 P.2d 1315 (Colo.App.1984). However, § 11-6-105, C.R.S. (1987 Repl.Vol. 4B) provides that all deposits made in the names of

two or more persons in joint tenancy are subject to a bank's right of setoff.

Thus, at the time the bank exercised its right of setoff, plaintiff's son had both a contractual and statutory right to withdraw from that account. *See Taullie v. Decibel Credit Union,* 765 P.2d 1087 (Colo. App.1988).

Plaintiff relies upon cases such as *Sherberg v. First National Bank,* 122 Colo. 407, 222 P.2d 782 (1950) and *Hugh v. Washington Industrial Bank,* 757 P.2d 1154 (Colo.App.1988) in asserting that there is no right of setoff if the bank knows the deposit is of a special nature. However, the existence of a "special account" is dependent upon the knowledge of the parties. For example, in *Sherberg,* the bank actually loaned the funds to the depositor for the purpose of paying a third person. In *Hugh,* the face of the check which comprised the deposit noted it was for the benefit of a third party, a fact the bank acknowledged by letter.

Here, in 1981 and 1982, plaintiff and her son opened joint accounts without giving any information to the bank about her specific needs or intent. These facts are insufficient as a matter of law to establish a "special account." •

### III.

■ Finally, plaintiff contends that a constructive trust was created when she deposited her funds with the bank. We find no merit in this contention.

Ordinarily, a bank does not act in a fiduciary capacity towards its depositors. *In re Werth,* 37 B.R. 979 (Bankr.D.Colo.1984). As relevant here, to create a constructive trust, the bank would have to have acted from a position of superiority over plaintiff or it would have to appear that she justifiably reposed confidence in the bank in some manner such that it could not exercise its legal right of setoff. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). The facts relied upon by plaintiff are insufficient as a matter of law to establish a

trust under either theory. Hence, entry of summary judgment was proper.

The judgment is affirmed.

JONES, J., concurs.

DUBOFSKY, J., dissents.

Judge DUBOFSKY, dissenting.

I respectfully dissent to Part I of the majority opinion.

Apparently Colorado belongs to an extremely small minority of states that by statute permits a bank to setoff an entire joint deposit against a private debt of any joint obligation. *See* Teselle, *Banker's Right of Setoff,* 34 Okla.L.Rev. 40 (1981) (Colorado stated to be the only state with this statutory provision).

When, absent a clear statutory right, banks have asserted a right of setoff against non-debtor accounts, the courts have refused to allow it. 10 Am.Jur.2d *Banks* § 667 (1963). In *Commercial Discount v. Milwaukee Western Bank,* 61 Wis.2d 671, 214 N.W.2d 33 (1974) the court stated:

"[I]t is the well settled rule that if a bank actually knows that sums deposited in the account of one of its debtors belongs to a third person, it cannot apply such funds against the debtor's obligation to it. A bank is also denied the right of setoff where it has knowledge of circumstances sufficient to necessitate inquiry concerning the sums."

The primary reason other states have restricted a bank's maximum right of setoff against a non-debtor joint depositor is lack of mutuality of obligation. This principle requires that the owners of the account from which the money is seized are the same persons that owe the obligation to the bank. *See* 10 Am.Jur.2d *Banks* § 667 (1963). It is a basic contractual notion that a person who is not liable or has not agreed to be responsible for a debt cannot be deemed to owe it. Therefore, it is wrong to seize money from a party who has not agreed to the debt.

In *Susman v. Exchange National Bank,* 117 Colo. 12, 183 P.2d 571 (1947), the court

recognized the fundamental inequity of allowing a party to seize funds from a debtor account in which the funds were not the debtor's. In *Susman*, the debtor had an account in his name in the bank in question but the money in the account belonged to a non-debtor third party. The garnishing creditor initiated an action to seize these funds, and there was an objection on the basis that the funds did not belong to the debtor. Consistent with the law in other jurisdictions, *see Musker v. Gil Haskins Auto Leasing, Inc.*, 18 Ariz.App. 104, 500 P.2d 635 (1972), the court held that the garnishing creditor had no right to seize the funds of a third party only because they were located in the debtor's account.

Even if this joint account were analogized to joint tenancy law, the bank would not be entitled to seize the property of the non-debtor. Joint tenants are seized of the entire estate for the purposes of tenure and survivorship but of only an undivided part or interest for the purposes of forfeiture or immediate alienation. 20 Am. Jur.2d *Co-tenancy and Joint Ownership* § 7 (1965).

There are also serious questions as to the constitutionality of § 11–6–105, C.R.S. (1987 Repl.Vol. 4B) and § 15–15–113, C.R.S. (1987 Repl.Vol. 6B) on both substantive due process, *see Kaiser Aetna v. United States*, 444 U.S. 164, 100 S.Ct. 383, 62 L.Ed.2d 332 (1979), and procedural due process grounds. *See Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.E.2d 556 (1972). The statute permits the seizure of property (money) by a bank from an account holder who does not owe the money. In my view, when the bank seizes money from an innocent party under the statute, the person's substantive due process rights are violated.

Here, the bank claims it would be too difficult and too time consuming to disclose the various legal ramifications of opening a joint account. I strongly disagree with this position and would impose such a duty on the bank.

Furthermore, I take exception to the bank's failure to make disclosure to plaintiff at the time the loans were guaranteed by her son. In the past two decades, both the General Assembly and the judiciary have undertaken efforts to protect the uninformed consumer from the technical and complex aspects of borrowing money from commercial lenders which hold superior bargaining positions. The main emphasis has been on disclosure and fair dealing. *See* 15 U.S.C. § 1601, et seq. (1982); § 5–1–101, et seq., C.R.S. Indeed, under some circumstances, a lender is deemed to have a fiduciary duty to its customer. *See Bair v. Public Service Employee's Credit Union*, 709 P.2d 961 (Colo.App.1985); *Dolton v. Capitol Federal Savings & Loan Ass'n*, 642 P.2d 21 (Colo.App.1981).

Here, there was no disclosure of the consequence of a joint account when it was opened or when the bank loan was made. The practical effect of the joint account remaining in the bank during the pendency of the loan was to make plaintiff the guarantor of her son's business loan. Typically, the commitment of a guarantor must be written. *See* § 38–10–112(1)(c), C.R.S. (1982 Repl.Vol. 16A). Also, generally, the terms of a loan may not be arbitrarily altered without the prior consent of the guarantor. *See Cooper Investments v. Conger*, 775 P.2d 76 (Colo.App.1989).

In summary, the preferred position of banks in our society has resulted in an application of different rules in imposing liability and seizing assets of joint obligors. In my view, absent a complete disclosure of the right of setoff, this statutory privilege to appropriate the funds of a joint account depositor (a) circumvents the acceptable procedures for collecting debts, (b) is contrary to the sound public policy of protecting against overreaching by those in superior bargaining positions, and (c) violates the due process clause of the United States Constitution.

Accordingly, I would reverse the dismissal of plaintiff's negligence claim and would remand for further proceedings on that claim.

In light of my dissent on Part I, I do not reach Part II and Part III of the majority opinion.