No. 13,465.

MYSTIC TAILORING COMPANY *v.* JACOBSTEIN, ADMINISTRATRIX.

(30 P. [2d] 263)

Decided February 5, 1934. Rehearing denied March 12, 1934.

Mr. WALTER F. SCHERER, for plaintiff in error.

Mr. NATHAN R. KOBEY, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

BERTHA Jacobstein, Administratrix of the estate of Nathan H. Jacobstein, deceased, recovered judgment against Mystic Tailoring Company, a corporation, in the sum of $150, for services rendered the company by deceased during his lifetime. The company assigns error and asks for a supersedeas. The administratrix assigns cross-error and prays that the judgment be increased to the sum of $300.

It was proven and it is also now admitted, that the deceased was employed by the company at a salary of $100 per week, and that for a period of three weeks he was paid no salary. The only defense is that the deceased, who was an officer and stockholder in the company, voluntarily agreed to waive his entire salary for the time in question during a period of business depression. The administratrix denies the waiver and the evidence is in conflict on this point only.

Counsel for the company argues that the judgment cannot be reconciled with any theory of the evidence and that the judgment should have been either for $300 or for nothing at all. He cites *Rocky Mountain Fuel Co. v. Belk,* 92 Colo. 404, 21 P. (2d) 186, and other cases to the effect that a verdict or judgment must be consistent with some legitimate theory of the testimony, and where it is not, it should be set aside. Counsel for the

administratrix confesses the rule, but employs it as an argument in support of his cross-assignment for alleged error of the court in failing to render judgment for $300.

We must hold this rule, as stated in the above case to be applicable, and the only remaining question is the final disposition to be made of the cause. The judgment conclusively indicates that the trial court, after listening to conflicting testimony, did not believe the defense that the intestate agreed to work for nothing. All other material facts having been admitted, there is nothing further to try. The judgment will be accordingly increased to the sum of $300 to correspond with the undisputed fact, and as thus modified, it is affirmed and the cause remanded with directions to enter judgment accordingly.

Judgment modified and affirmed.

MR. JUSTICE BURKE and MR. JUSTICE HOLLAND concur.